AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Merle Reine  -1<br>aka: Chris Jacobs<br>aka: John Doser | Case Number:  15-cr-00576-JAH-1 |
| | ☒ Paul Allen Barr  Federal Defenders |
| | Defendant's Attorney |

**REGISTRATION NO.** 49313380

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Indictment.

☐ was found guilty on count(s)_____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:2423(b); 18:2428 | Travel With Intent to Engage in Illicit Sexual Conduct | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☐ Count(s) _____ is ☐  are ☐  dismissed on the motion of the United States.
☒ Assessment: $100.00.

☒ No fine        ☒ Forfeiture pursuant to order filed        3/25/16        , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 28, 2016
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

15-cr-00576-JAH-1

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  5

DEFENDANT: Merle Reine -1
CASE NUMBER: **15-cr-00576-JAH-1**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Seventy-eight months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends custody be served at FCI Seagoville.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15-cr-00576-JAH-1

AO 245B (CASD) (Rev. 4/14)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT: Merle Reine -1
CASE NUMBER: **15-cr-00576-JAH-1**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Seven years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than ___4___ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO      (Rev. 9/00) Judgment in a Criminal Case Sheet 3                    Judgment—Page 4   of   5
— Continued 2 — Supervised Release

Defendant: REINE, Merle

CASE NUMBER: 15-cr-00576-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1.   Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2.   Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3.   Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

4.   Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. Advise the probation officer of the identity of every computer or electronic device in your home. And not to use any of them unless you have the permission the probation officer or consent to the  installation of that equipment at your cost.  The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

5.   Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

6.   Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

7.   Not have contact with any child under the age of 18, except for defendant's minor children, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer.

8.   Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

9.   Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places known to be frequented by persons under the age of 18, without prior approval of the probation officer..

10.  Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2) and not patronize any place where such materials are the primary material or entertainment available.".

AO      (Rev. 9/00) Judgment in a Criminal Case                                    Judgment—Page      5  of  5

Sheet 3 -— Continued 2 — Supervised Release

Defendant: REINE, Merle
 CASE NUMBER: 15-cr-00576-JAH-1


11.  Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the
ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an
approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The
offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may
also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on
ability to pay.


12.  Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the
probation officer.

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,                  Case No.  15cr0576-JAH

11                    Plaintiff,                 AMENDED PRELIMINARY
                                                 ORDER OF CRIMINAL
12         v.                                    FORFEITURE

13    MERLE REINE,
      aka "Chris Jacobs",
14    aka "John Doser",

15                    Defendant.

16

17         WHEREAS, in the Indictment in the above-captioned case, the United States

18    sought forfeiture of all right, title and interest in specific properties of the above-

19    named Defendant, MERLE REINE ("Defendant"), pursuant to 18 U.S.C. § 2428 as

20    properties used or intended to be used to commit or to facilitate the commission of

21    the offenses in violation of 18 U.S.C. §2423(b), as charged in the Indictment; and

22         WHEREAS, on or about July 30, 2015, Defendant pled guilty to Count 1 of the

23    Indictment, which plea included consent to the forfeiture alleged in the Indictment,

24    including forfeiture of all right, title, and interest in (1) computer images and printed

25    images determined by law enforcement to depict minors engaging in sexually explicit

26    conduct and (2) the items, equipment, computers, disks, and media seized by law

27    enforcement during the investigation, including, but not limited to, the following

28

1 │ specific properties constituting proceeds obtained from or used or intended to be used
2 │ to commit or promote the offense:

3 │       **1.**    **Asus Essentio Desktop Computer, S/N: N/A**

4 │       **2.**    **Nexus Tablet Computer in Case, S/N: 5910048**

5 │       **3.**    **Dell Vostro Laptop Computer with Cord,**
6 │            **S/N: 68Y65N1**

7 │       **4.**    **Seagate Desktop USB 3.0 External Hard Drive**
           **with Cords, S/N: NA5KR1R4; and**

8 │       **5.**    **Samsung Galaxy S5 Cellular Phone with Cords,**
9 │            **IMEI: 990004513245765; and**

10 │     WHEREAS, on August 27, 2015, this Court accepted Defendant's plea of
11 │ guilty to Count 1 of the Indictment; and

12 │     WHEREAS, by virtue of the facts set forth in the plea agreement,
13 │ the United States has established the requisite nexus between the forfeited properties
14 │ and the offense set forth in Count 1; and

15 │     WHEREAS, by virtue of said guilty plea, the United States is now entitled to
16 │ possession of the above-referenced properties, pursuant to 18 U.S.C. § 2428 and
17 │ Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

18 │     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
19 │ authority to take custody of the above-referenced properties which were found
20 │ forfeitable by the Court; and

21 │     WHEREAS, on February 3, 2016, a Preliminary Order of Criminal Forfeiture
22 │ was inadvertently filed with the incorrect name of Defendant; and

23 │     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

24 │     1.    Based upon the guilty plea of the Defendant, the United States is hereby
25 │ authorized to take custody and control of the following assets, and all right, title and
26 │ interest of Defendant MERLE REINE in the following properties are hereby forfeited
27 │ to the United States for disposition in accordance with the law, subject to the
28 │ provisions of 21 U.S.C. § 853(n) made applicable to this matter by its incorporation

1 │ under 21 U.S.C. § 2253(b): all right, title, and interest in (1) computer images and

2 │ printed images determined by law enforcement to depict minors engaging in sexually

3 │ explicit conduct and (2) the items, equipment, computers, disks, and media seized by

4 │ law enforcement during the investigation, and

5 │     **1.    Asus Essentio Desktop Computer, S/N: N/A**

6 │     **2.    Nexus Tablet Computer in Case, S/N: 5910048**

7 │     **3.    Dell Vostro Laptop Computer with Cord, S/N:  68Y65N1**

8 │

9 │     **4.    Seagate Desktop USB 3.0 External Hard Drive with Cords, S/N: NA5KR1R4**; and

10 │    **5.    Samsung Galaxy S5 Cellular Phone with Cords, IMEI: 990004513245765.**

11 │

12 │     2.    The aforementioned forfeited assets are to be held by the Homeland

13 │ Security Investigations ("HSI") in its secure custody and control.

14 │     3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized

15 │ to begin proceedings consistent with any statutory requirements pertaining to

16 │ ancillary hearings and rights of third parties.

17 │     4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of

18 │ Title 21 made applicable to this matter by its incorporation under 18 U.S.C.

19 │ § 2253(b), and United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., the United

20 │ States forthwith shall publish for thirty (30) consecutive days on the Government's

21 │ forfeiture website, www.forfeiture.gov, notice of this Order, notice of the

22 │ United States' intent to dispose of the properties in such manner as the Attorney

23 │ General may direct, and notice that any person, other than the Defendant, having or

24 │ claiming a legal interest in the above-listed forfeited properties must file a petition

25 │ with the Court within thirty (30) days of the final publication of notice or of receipt of

26 │ actual notice, whichever is earlier.

27 │ //

28 │ //

15cr0576

5.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Amended Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) made applicable to this matter by its incorporation under 21 U.S.C. § 2253(b) as to the aforementioned assets, in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED:     March 25, 2016

Honorable John A. Houston
United States District Court